A92A0251. SPICER v. OLD REPUBLIC INSURANCE COMPANY.
(418 SE2d 422)

COOPER, Judge.

This case arises out of an action brought by appellant against appellee to recover Georgia no-fault insurance benefits, bad faith penalties, attorney fees and punitive damages. The trial court granted summary judgment to appellee, and this appeal followed.

On December 25, 1988, appellant, a Georgia resident, was injured in North Carolina while driving a truck insured under a policy issued by appellee in Florida. The truck was owned by a Florida company and registered in Florida, and at the time of the accident, the truck was rented to a company based in Georgia. In May 1989, appellant made a claim for benefits under Georgia no-fault law, but appellee denied the claim on the ground that Georgia no-fault law was not applicable since the truck was insured under a policy issued in Florida and involved in an accident which occurred outside Georgia. In March 1990, appellant filed a complaint against appellee based on

Georgia no-fault law and in May 1990, raised the issue of no-fault coverage under Florida law. Appellee investigated this claim, and in June 1990, paid appellant no-fault benefits of $4,620 pursuant to Florida no-fault law. However, appellant maintains that he is entitled to recover additional benefits under Georgia no-fault law as well as bad faith penalties, attorney fees and punitive damages.

1. We first address the question of whether appellant was entitled to no-fault benefits under Georgia law.[1] OCGA § 33-34-3 (a) (2) requires that all insurers transacting business in Georgia include in all policies issued outside the State of Georgia a provision which includes the minimum no-fault coverage required under OCGA § 33-34-4 with respect to motorists involved in accidents in Georgia. OCGA § 33-34-3 (a) (2) further provides that "notwithstanding any provisions of the policies . . . to the contrary, all such policies . . . shall be deemed to satisfy the minimum requirements of this chapter if a motorist insured under the policies . . . is involved in a motor vehicle accident in this state." Thus, OCGA § 33-34-3 (a) (2) extends the minimum no-fault coverage to policies issued outside the State of Georgia with respect to insured persons later involved in accidents in Georgia. However, the language of that Code section does not extend the no-fault coverage to policies issued outside the State of Georgia when the insured is involved in an accident outside the State of Georgia. See *Doran v. Travelers Indem. Co.*, 254 Ga. 63 (2) (326 SE2d 221) (1985). Appellant's argument that the car had been used in Georgia for more than 30 days and therefore was required to have the minimum no-fault coverage required under Georgia law is unpersuasive. In *Doran*, the court was faced with the question of whether the optional no-fault coverage applied to an out-of-state policy insuring a vehicle licensed in another state but garaged in Georgia. The Supreme Court of Georgia noted that "[i]t is where the policy was issued, and not where the vehicle was licensed or garaged, which is a factor used to determine whether all provisions of the no-fault act apply or only limited portions of the act apply." *Doran*, supra at 68-69. The clear language of OCGA § 33-34-3 (a) (2) extends coverage only where the insured is involved in an accident in Georgia, and we will not expand it to include accidents occurring out of state in vehicles which may have been in Georgia for more than 30 days. Accordingly, we conclude that appellant was not entitled to recover benefits under Georgia no-fault law.

2. We next consider whether any genuine issue of material fact existed as to appellee's bad faith in denying coverage under Georgia

---

[1] This case arose before the effective date of the repeal of Chapter 34 of Title 33 of the Official Code of Georgia. All references to that statute are to the former OCGA Title 33, Chapter 34.

no-fault law or in not promptly paying benefits under Florida law. Because of our holding in Division 1 that appellant was not entitled to recover benefits under Georgia no-fault law, appellant's claim for statutory penalties, attorney fees and punitive damages due to the denial of Georgia no-fault benefits must fail. The record reflects that appellant's initial claim was made for no-fault benefits under Georgia law; that subsequent to the denial of those benefits and the commencement of a lawsuit against appellee, appellant raised an issue as to the recovery of benefits under Florida no-fault law via correspondence between the attorneys; and that upon investigation, appellee paid appellant no-fault benefits pursuant to Florida law. It also appears that appellee made payment of no-fault benefits under Florida law within 30 days after appellant raised the issue of coverage, within the statutory time set forth in Florida Statutes Annotated § 627.736 (4) (b).

For the foregoing reasons, we find no error with the trial court's grant of summary judgment to appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 24, 1992.

*W. Douglas Adams*, for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, James H. Cox, Edward H. Nicholson, Jr.*, for appellee.